**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
ARAMARK ENTERTAINMENT,INC.,

      Plaintiff,      **02  CIVIL 9697 (TPG)**
              **CERTIFICATION OF JUDGMENT**
              **FOR REGISTRATION IN**
    -and-         **ANOTHER DISTRICT**
              Judgment #06,0069

ALFA ALFA HOLDINGS,S.A.,

      Defendant.
-----------------------------------------------------------------X

   I, J. Michael McMahon, Clerk of this United States District Court certify that the attached is a true and correct copy of the judgment entered in this action on Jan 17, 2006 as it appears in the records of this court, and that * this judgment is being registered prior to the 30 th day having elapsed pursuant to order of Judge Griesa, signed 1/17/06.

   IN TESTIMONY WHEREOF, I sign my name and affix the seal of this Court on January 17, 2006.

                  *[signature]*
                  Clerk

                  *[signature]*
                  (By) Deputy Clerk

Doc #28



McCARTER & ENGLISH, LLP
245 Park Avenue
27th Floor
New York, New York 10167-0001
(212) 609-6800
Attorneys for Plaintiff
 Aramark Entertainment, Inc.

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARAMARK ENTERTAINMENT, INC., | Civil Action No. 02-9697 (TPG) |
| Plaintiff, | |
| vs. | **FINAL JUDGMENT AGAINST ALFA ALFA HOLDINGS, S.A. IN THE AMOUNT OF $1,311,822.25, AND OTHER RELIEF** |
| ALFA ALFA HOLDINGS, S.A., | |
| Defendant. | # 06, 0069 |

**THIS MATTER**, having come before the Court upon the filing of the Complaint by Aramark Entertainment, Inc. ("Plaintiff") against Alfa Alfa Holdings, S.A. ("Defendant"); and the Complaint having been duly served upon the Defendant; and the Defendant having filed an answer and having appeared, through his counsel to actively defend this action; and

**WHEREAS**, the Plaintiff and Defendant having conducted discovery; and Plaintiff and Defendant having each filed motions in this matter related to judgment with Defendant actively participating through, inter alia, the filing of papers and sworn statements of its authorized representatives, including the President of Defendant; and

**WHEREAS**, the Court having scheduled a trial in this matter for January 17, 2006, on due and proper notice to, and with the participation of (for scheduling purposes) Defendant through its counsel; and Defendant's counsel having thereafter moved to withdraw as counsel; and the Court having entered an order on December 6, 2005, directing Defendant to

notify the Court by December 23, 2005 of its intention to go to trial or risk having the Court declare a default; and such order having allowed Defendant's counsel to withdraw after notifying Defendant of the order; and

**WHEREAS**, Defendant's counsel having advised the Court that such order was served upon his client; and Defendant having failed to notify the Court or otherwise take action in connection with such order; and

**WHEREAS**, the trial having been held on January 17, 2006, as scheduled; and the Plaintiff having submitted proofs in support of the allegations of the complaint before the Honorable Thomas P. Griesa, on January 17, 2006; and the Court having heard the proofs against the Defendant, and having determined that Plaintiff established its entitlement to recovery against Defendant Alfa Alfa Holdings, S.A. by a preponderance of the evidence in the amounts stated herein;

**IT IS** on this 17th day of January, 2006;

**HEREBY ORDERED** that:

1. Final judgment be and hereby is entered in favor of Aramark Entertainment, Inc. and against the defendant Alfa Alfa Holdings, S.A. in the total amount of $1,311,822.25, calculated as follows:

   a. Amount Paid to Paramount                                                                 $   975,000.00

   b. Legal fees and costs in connection with defense and payment of Paramount claim (collectively with the amount paid to Paramount, the "Paramount Payments")    $    26,947.94

   c. Prejudgment interest on the Paramount Payments from February 6, 2004, through January 17, 2006                                                             $   175,652.55

   d. Legal fees and costs in connection with

|  |  |
|---|---|
| attempts to collect the Paramount Payments from Defendant | $ 134,221.76 |
| TOTAL | $1,311,822.25 |

2.   Aramark Entertainment, Inc. is hereby entitled to indemnification for all losses and liabilities it incurred or incurs in connection with the Paramount Agreement, including but not limited to, the amount set forth in Paragraph 1 above and the amounts set forth hereafter.

3.   Aramark Entertainment, Inc. is hereby granted the right to submit a supplemental affidavit to the Court within ten (10) days of the entry of this Judgment, indicating attorneys' fees and costs incurred through the entry of this Judgment which have not yet been billed to Aramark Entertainment, Inc. or otherwise included in the final judgment amount herein, and shall be permitted to seek an Amended Judgment including such fees and costs. The rights set forth in this paragraph shall not affect or preclude this judgment from being a Final Judgment.

4.   Aramark Entertainment, Inc. is hereby granted the right to make an application for reasonable post-judgment collection costs, including the costs of enforcement and execution of this Judgment against Alfa Alfa Holdings, S.A. The right to make an application for reasonable post-judgment collection costs shall not affect or preclude this judgment from being a Final Judgment.

SO ORDERED.

Dated: New York, New York
       January 17, 2006

CERTIFIED COPY
J. MICHAEL McMAHON,                    CLERK
BY _____
           DEPUTY CLERK

_____
HON. THOMAS P. GRIESA
UNITED STATES DISTRICT JUDGE

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON 1/17/06

MEI\5430772.3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

ARAMARK ENTERTAINMENT, INC.,           :

                Plaintiff,           :       02 Civ. 9697 (TPG)

    - against -                          :       **ORDER**

ALFA ALFA HOLDINGS, S.A.,               :

                Defendant.           :
------------------------------x

       It is hereby ordered that the judgment in this action, signed and entered today, may be registered immediately, pursuant to 28 U.S.C. § 1963, without waiting for the expiration of the thirty-day time for appealing from the judgment. Good cause for this order was shown at the trial, which occurred today.

       SO ORDERED.

Dated:   New York, New York
           January 17, 2006

                                      THOMAS P. GRIESA
                                      U.S.D.J.

A CERTIFIED COPY
J. MICHAEL McMAHON,   CLERK

BY _____
     DEPUTY CLERK