UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARAMARK ENTERTAINMENT, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ALFA ALFA HOLDINGS, S.A., )<br>)<br>Defendant. )<br>) | Case No. 06-MISC-00011<br><br>FILED<br>MAR 20 2006<br>U.S. DISTRICT COURT<br>DISTRICT OF DELAWARE |

## PALACE ENTERTAINMENT HOLDINGS, INC.'S OBJECTIONS AND RESPONSES TO ARAMARK ENTERTAINMENT, INC.'S NON-PARTY SUBPOENA

Pursuant to Federal Rules of Civil Procedure 30 and 45, Palace Entertainment Holdings, Inc. ("Palace Holdings") propounds the following Objections and Responses to Aramark Entertainment, Inc.'s ("Aramark's") subpoena for the production of documents and deposition. Palace Holdings reserves its right to supplement these objections and responses, including its right to make other objections as to the "taking of the deposition," as specified in Federal Rule of Civil Procedure 30(d)(3).

### GENERAL OBJECTIONS

Palace Holdings asserts the following General Objections, which are incorporated into the specific Responses by reference:

1.   Palace Holdings objects to the Subpoena in its entirety on the grounds that Aramark failed to comply with Del. Local Rule 5.4(a) by failing to file its Notice of Service with the Court, as required under that Rule. Aramark has represented to Palace Holdings that it has

served other non-parties with similar subpoenas, but no notices of service have been filed with regard to those subpoenas either. As a result of Aramark's failure to comply with this Rule, Palace Holdings cannot ascertain through the record whether Aramark has identified the proper entities from which to seek this discovery. As Palace Holdings has indicated multiple times, Alfa Alfa Holdings, S.A. has no ownership interest in Palace Holdings; Alfa Alfa Holdings, S.A. is not the parent, subsidiary, or sister corporation of Alfa Alfa Holdings, S.A. Palace Holdings thus believes that service of this Subpoena was in error. Aramark's failure to comply with the Rules of this Court are exacerbating the burden to Palace Holdings in responding to Aramark's improper Subpoena. In short, Aramark is seeking to have Palace Holdings determine for Aramark the proper party to pursue and/or from whom to seek discovery, rather than engaging in the due diligence required before seeking discovery from a non-party.

2.  Palace Holdings objects to the Subpoena to the extent that Aramark failed to comply with Fed. R. Civ. P. 30(b)(1), requiring notice of this subpoena for deposition to be served on all parties to the action. The Subpoena served on Palace Holdings contained no statement of service and no indication that the parties to the litigation had been properly served. Again, compliance with this Rule could have alleviated the unnecessary burden to Palace Holdings in responding to this improper Subpoena. Aramark's failure to comply with Rule 30(b)(1) has exacerbated the burden to Palace Holdings.

3.  Palace Holdings objects to the Subpoena to the extent that it fails to specify the method by which the proposed testimony shall be recorded. *See* Fed. R. Civ. P. 30(b)(2).

4.  Palace Holdings objects to the Subpoena to the extent that it fails to inform Palace Holdings of its duties in designating an appropriate representative for deposition, as required by Fed. R. Civ. P. 30(b)(6).

5. Palace Holdings objects to the Subpoena, including the Definitions and Instructions, to the extent it imposes obligations beyond those imposed by the Federal Rules of Civil Procedure.

6. Palace Holdings objects to the Subpoena to the extent that counsel for Aramark has refused reasonable attempts to resolve this matter without undue burden on Palace Holdings, including refusing to allow Palace Holdings a reasonable extension to investigate and respond to Aramark's Subpoena. Despite Palace Holdings' request for such an extension, Aramark provided Palace Holdings with notice on March 16, 2006 that it would refuse to allow Palace Holdings more than 12 hours beyond the original date for response. Such conduct serves only to increase the burden on non-party Palace Holdings in responding to this Subpoena.

7. Palace Holdings objects to the Subpoena to the extent that it does not specify a "reasonable time, place, and manner of making the inspection." *See* Fed.R.Civ.P. 34(b).

8. Palace Holdings objects to the Subpoena to the extent that it requires Palace Holdings to produce documents or to provide testimony protected by the attorney-client privilege, the attorney work product doctrine, other common law or statutory privileges, or which are otherwise immune from discovery.

9. Palace Holdings objects to the Subpoena on the ground that it is overbroad and unduly burdensome.

10. Palace Holdings objects to the Subpoena to the extent that it calls for Palace Holdings to testify about or to produce documents not in its possession, custody, and control. Any such request is over broad and unduly burdensome and inconsistent with, and imposes obligations beyond, the obligations required under the Federal Rules of Civil Procedure. In addition, Palace Holdings does not intend to search for documents that are in the possession of

any non-party, as such discovery would be "unreasonably cumulative or duplicative" and the "burden or expense of [any such] proposed discovery would outweigh its likely benefit." Fed. R. Civ. P. 26(b)(2).

11. Palace Holdings objects to the Subpoena on the grounds that it subjects a non-party to "undue burden" in seeking information regarding the interests and assets of a corporation, Alfa Alfa Holdings, S.A., that has no ownership interest in Palace Holdings and is neither a parent or subsidiary of, nor a sister corporation to, Palace Holdings. Aramark has not established any basis for seeking discovery of Palace Holdings in this litigation other than its wholly unsupported and inaccurate speculation that Alfa Alfa Holdings, S.A. has some ownership interest in Palace Holdings.

12. Palace Holdings objects to the Subpoena to the extent that it contains "errors and irregularities in the notice for taking a deposition." Fed. R. Civ. P. 30(d)(1).

13. Palace Holdings objects to the Subpoena to the extent it purports to designate the Wilmington, DE offices of McCarter & English, LLP as the location for the deposition.

14. Palace Holdings objects to the Subpoena to the extent that it calls for Palace Holdings to produce a witness to testify about information that is not in Palace Holdings' possession, custody, and control. Any such request is over broad and unduly burdensome and inconsistent with, and imposes obligations beyond, the obligations required under the Federal Rules of Civil Procedure.

15. Palace Holdings objects to the Subpoena on the grounds that it does not "describe with reasonable particularity the matters on which the examination is requested." *See* Fed. R. Civ. P. 30(b)(6).

4

16. Palace Holdings objects to the Subpoena on the grounds that the information sought is "unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive." *See* Fed. R. Civ. P. 26(b)(2)(ii).

17. Palace Holdings objects to the Subpoena to the extent that it calls for testimony about or the production of information or documents that are publicly available and on the basis that Aramark has failed to demonstrate that it has made any attempt to obtain such information through publicly-available means.

18. Palace Holdings objects to Definition No. G for "Alfa Alfa Holdings" to the extent that it purports to include "agents or persons who acted or purported to act on its behalf" as overbroad, unduly burdensome, vague and ambiguous. The Subpoena identifies no actions allegedly taken by Alfa Alfa Holdings, nor does it identify any agents or persons it seeks to otherwise include within the scope of this definition. For the purposes of this Subpoena, Palace Holdings will interpret "Alfa Alfa Holdings" to include Alfa Alfa Holdings, S.A., and its officers and directors.

19. Palace Holdings objects to Definition No. H for "Alfa Alfa America" to the extent that it purports to include "agents or persons who acted or purported to act on its behalf" as overbroad, unduly burdensome, vague and ambiguous. The Subpoena identifies no actions allegedly taken by Alfa Alfa America, nor does it identify any agents or persons it seeks to otherwise include within the scope of this definition. For the purposes of this Subpoena, Palace Holdings will interpret "Alfa Alfa America" to include Alfa Alfa America, Inc., and its officers and directors.

20. Palace Holdings objects to Definition No. I for "Alfa SmartParks" to the extent that it purports to include "agents or persons who acted or purported to act on its behalf" as

overbroad, unduly burdensome, vague and ambiguous. The Subpoena identifies no actions allegedly taken by Alfa SmartParks, nor does it identify any agents or persons it seeks to otherwise include within the scope of this definition. For the purposes of this Subpoena, Palace Holdings will interpret "Alfa SmartParks" to include Alfa SmartParks, Inc., and its officers and directors.

21. Palace Holdings objects to Definition No. J for "Palace Entertainment," "You," and "Your" to the extent that it confuses Palace Holdings for another entity, such as Palace Entertainment, Inc.

22. To the extent that the Subpoena requires the gathering and copying of documents and/or the preparation and attendance of a corporate representative for deposition, such copies will be provided and witness(es) made available, to the extent they exist, only after the pre-payment by Aramark of all expenses associated with such activities. *See* Fed. R. Civ. P. 45(c)(2)(B).

23. To the extent that Palace Holdings has objected to a Request or Topic, it will neither search for nor produce responsive documents or information, nor will a witness be made available for deposition, unless otherwise noted, until such objections have been resolved.

24. Palace Holdings reserves the right to assert additional objections or to supplement these Objections and Responses.

## SPECIFIC OBJECTIONS

**REQUEST. 1:**

Identify the relationship between Alfa Alfa Holdings, Alfa Alfa America, Alfa SmartParks and/or Palace Entertainment. Provide any documents that identify such relationship or were relied upon in responding to this request.

**RESPONSE:**

In addition to its General Objections, Palace Holdings objects to Request No. 1 on the grounds that "relationship" is undefined and is vague and ambiguous and carries no inherent meaning. Palace Holdings objects to Request No. 1 to the extent that it confuses Palace Holdings for another entity, such as Palace Entertainment, Inc. Palace Holdings further objects to Request No. 1 on the basis that it is overbroad and unduly burdensome. Palace Holdings objects to Request No. 1 to the extent that it requires Palace Holdings to produce documents or provide testimony protected by the attorney-client privilege, the attorney work product doctrine, other common law or statutory privileges, or which is otherwise immune from discovery. Palace Holdings objects to Request No. 1 on the grounds that it calls for information in the possession, custody, or control of the parties to the litigation or of other third parties from whom it should reasonably be sought. As Palace Holdings has stated, neither Alfa Alfa Holdings, S.A. nor its subsidiaries has any ownership interest in Palace Holdings.

**REQUEST 2:**

Identify Your corporate structure, including management structure, identity of all Your officers, directors, and major shareholders. Provide any documents that identify Your corporate structure or were relied upon in responding to this request.

**RESPONSE:**

In addition to its General Objections, Palace Holdings objects to Request No. 2 on the grounds that it is overly broad and unduly burdensome. Palace Holdings further objects to Request No. 2 as vague and ambiguous as to the terms "corporate structure" and "management structure," and "major shareholders," which are not defined within this Subpoena and carry no inherent meaning. Palace Holdings objects to Request No. 2 to the extent that it requires Palace Holdings to produce documents or provide testimony protected by the attorney-client privilege, the attorney work product doctrine, other common law or statutory privileges, or which is otherwise immune from discovery. Palace Holdings objects to Request No. 2 as calling for information or documents that are neither relevant to this litigation nor reasonably likely to lead to the discovery of admissible evidence. Palace Holdings objects to Request No. 2 to the extent that it confuses Palace Holdings for another entity, such as Palace Entertainment, Inc. As neither Alfa Alfa Holdings, S.A. nor its subsidiaries has any ownership interest in Palace Holdings, the "corporate structure," "management structure," officers, directors, and major shareholders of Palace Holdings are wholly irrelevant to this litigation.

**REQUEST NO. 3:**

Identify all subsidiaries, whether partially-owned or wholly-owned, affiliated companies, joint-ventures, or parent companies associated with You and identify how the entity is related,

8

the amount and structure of control between the entities and attach any documents related to this request.

**RESPONSE:**

In addition to its General Objections, Palace Holdings objects to Request No. 3 on the grounds that it is overbroad and unduly burdensome and that it calls for information and documents neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible information. Palace Holdings objects to Request No. 3 to the extent that it requires Palace Holdings to produce documents or provide testimony protected by the attorney-client privilege, the attorney work product doctrine, other common law or statutory privileges, or which is otherwise immune from discovery. As neither Alfa Alfa Holdings, S.A. nor its subsidiaries has any ownership interest in Palace Holdings, information and documents relating to the subsidiaries, affiliated companies, joint-ventures, and/or parent companies associated with Palace Holdings are wholly irrelevant to this litigation.

**REQUEST NO. 4:**

Identify any interest, financial or otherwise, held by Alfa Alfa Holdings, Alfa Alfa America and/or Alfa SmartParks in You, describe such interest and where it resides. Provide any documents that identify such interests or were relied upon in responding to this request.

**RESPONSE:**

In addition to its General Objections, Palace Holdings objects to Request No. 4 on the grounds that it is unduly burdensome. Palace Holdings further objects to Request No. 4 as vague and ambiguous. Palace Holdings objects to Request No. 4 to the extent that it requires Palace

9

Holdings to produce documents or provide testimony protected by the attorney-client privilege, the attorney work product doctrine, other common law or statutory privileges, or which is otherwise immune from discovery. Palace Holdings objects to Request No. 4 to the extent that it confuses Palace Holdings for another entity, such as Palace Entertainment, Inc. As Palace Holdings has explained, neither Alfa Alfa Holdings, S.A., Alfa Alfa America, Inc., or Alfa SmartParks, Inc., has any ownership interest in Palace Holdings.

**REQUEST NO. 5:**

Provide copies of all government-required corporate filings made by You or that are in Your possession referring to You or Alfa Alfa Holdings, Alfa Alfa America and/or Alfa SmartParks, from 2003 to the present.

**RESPONSE:**

In addition to its General Objections, Palace Holdings objects to Request No. 5 on the grounds that it calls for information neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Palace Holdings objects to Request No. 5 as vague and ambiguous to the extent that "government-required corporate filings" is not defined and carries no inherent meaning. Palace Holdings objects to Request No. 5 to the extent that it requires Palace Holdings to produce documents or provide testimony protected by the attorney-client privilege, the attorney work product doctrine, other common law or statutory privileges, or which is otherwise immune from discovery. Palace Holdings further objects to Request No. 5 to the extent that it confuses Palace Holdings for another entity, such as Palace Entertainment, Inc., as Palace Holdings is a newly-formed corporation and has not made any filings prior to 2006. Palace Holdings objects to Request No. 5 to the extent that it calls for the production of

documents or information publicly available or accessible to Aramark through less burdensome means. Moreover, as Palace Holdings has explained, neither Alfa Alfa Holdings, S.A., Alfa Alfa America, Inc., or Alfa SmartParks, Inc., has any ownership interest in Palace Holdings.

**REQUEST NO. 6:**

Provide copies of all Your company charters, documents of incorporation, amendments to documents of incorporation, which include the identity officers (sic), directors, and major shareholders.

**RESPONSE:**

In addition to its General Objections, Palace Holdings objects to Request No. 6 on the grounds that it calls for information neither relevant to this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Palace Holdings further objects to Request No. 6 as vague and ambiguous as "major shareholders" is not a defined term and carries no inherent meaning. Palace Holdings objects to Request No. 6 to the extent that it requires Palace Holdings to produce documents or provide testimony protected by the attorney-client privilege, the attorney work product doctrine, other common law or statutory privileges, or which is otherwise immune from discovery. As neither Alfa Alfa Holdings, S.A. nor its subsidiaries has any ownership interest in Palace Holdings, information and documents relating to Palace Holdings' charters, documents of incorporation, and/or amendments to documents of incorporation are wholly irrelevant to this litigation.

**REQUEST NO. 7:**

Provide all information within Your possession regarding the assets of Alfa Alfa Holdings, including but not limited to, any equity, financial, or economic interests, wherever they may be.

**RESPONSE:**

In addition to its General Objections, Palace Holdings objects to Request No. 7 as overbroad and unduly burdensome. Palace Holdings objects to Request No. 7 as vague and ambiguous to the extent that "assets" and "equity, financial, or economic interests" are not defined terms. Palace Holdings objects to Request No. 7 to the extent that it requires Palace Holdings to produce documents or provide testimony protected by the attorney-client privilege, the attorney work product doctrine, other common law or statutory privileges, or which is otherwise immune from discovery. Palace Holdings further objects to Request No. 7 to the extent that it confuses Palace Holdings for another entity, such as Palace Entertainment, Inc. Palace Holdings objects to Request No. 7 to the extent that it calls for the production of documents or information publicly available or accessible to Aramark through less burdensome means, such as through discovery of a party to this litigation, Alfa Alfa Holdings.

Dated March 17, 2006

                                                                          Respectfully submitted,

                                                                          _____
                                                                          Andrew M. Herman
                                                                          David E. Mendelson
                                                                          Korin K. Ewing

                                                                          KIRKLAND & ELLIS LLP
                                                                          655 15th Street, N.W.
                                                                          Washington, DC  20005
                                                                          T:  (202) 879-5000
                                                                          F:  (202) 879-5200

                                                                          ***Attorneys for Palace Entertainment Holdings, Inc.***

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing **PALACE ENTERTAINMENT HOLDINGS, INC.'S OBJECTIONS AND RESPONSES TO ARAMARK ENTERTAINMENT, INC.'S NON-PARTY SUBPOENA** has been served on the following counsel of record by facsimile and U.S. mail, on this 17th day of March, 2006:

Michael P. Kelly
Andrew Dupre
McCarter & English, LLP
Citizens Bank Center
919 N. Market Street
18th Floor
Wilmington, DE 19801-3023

Lisa W. Bonsall
Marie A. Polito
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102-4056

*Attorneys for Aramark Entertainment, Inc.*

Korin K. Ewing
KIRKLAND & ELLIS LLP
655 15th Street, N.W.
Washington, D.C. 20005
T: (202) 879-5000
F: (202) 879-5200

***Attorneys for Palace Entertainment Holdings, Inc.***

14